**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 11-06641-BKT11 |
| OSCAR JIMENEZ GONZALEZ, <br> DORIS HAYDEE CORDERO REYES | Chapter 11 |
| Debtor(s) | **FILED & ENTERED ON 11/26/2019** |

<u>**OPINION & ORDER**</u>

Before the court is the United States of America, on behalf of the Internal Revenue Service's ("IRS"), Motion to Reopen the Chapter 11 Case [Dkt. No. 309]. The above captioned case was filed on August 5, 2011 [Dkt. No. 1], the plan was confirmed on May 22, 2013 [Dkt. No. 268], and the final decree was entered, closing the case, on October 3, 2014 [Dkt. No. 307]. The Debtors have not yet received a discharge. For the reasons stated below IRS' motion is denied.

Federal Rule of Bankruptcy Procedure 5010 provides, in relevant part, that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. In turn, 11 U.S.C. § 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). In <u>Ludvigsen v. Osborne (In re Ludvigsen)</u>, No. MB 14-039, 2015 Bankr. LEXIS 2048 (B.A.P. 1st Cir. Jan. 16, 2015), the First Circuit Appellate Panel stated that a bankruptcy court properly exercises its discretionary authority to reopen a closed bankruptcy case when it does so to determine a substantive dispute on its merits, but does not exercise proper discretionary authority when only technical defects with the closed case are at issue. Further, when

1

determining whether to exercise its discretionary authority, the court should look at each Section 350(b) motion on a fact-by-fact basis. Id. at page 4 (citing, In re Dalezios, 507 B.R. 54, 58 (Bankr. D. Mass. 2014). "It is well settled that the decision to reopen a case is within the sound discretion of the bankruptcy court." Mass. Dept. of Revenue v. Crocker, 362 B.R. 49, 53 (1st Cir. BAP 2007) "This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy proceedings." Id. (internal quotations and citation omitted); see also, In re Dalezios, 507 B.R. 54, 58 (Bankr.D.Mass.2014) ("The decision to reopen should be made on a case-by-case basis based on the particular circumstances and equities of a case, and should be left to the sole discretion of bankruptcy court.").

Thus, it is well established in the case law of the First Circuit that the court has discretion to decide whether to grant the reopening of a closed case. As the First Circuit stated in Colonial Sur. Co. v. Weizman, 564 F.3d 526, 532 (1st Cir. 2009), the moving party bears the burden of demonstrating sufficient cause to reopen. A bankruptcy court considering a motion to reopen should examine whether the moving party would be entitled to pursue the cause of action for which it seeks the reopening. If the movant cannot prevail on the merits of the action to be pursued as a matter of law, reopening the case would serve no purpose and the motion to reopen should be denied. In re Gagne, 2010 Bankr. LEXIS 4706, at 2 (Bankr. D. Me. Dec. 16, 2010).

Courts generally consider a number of factors in determining whether to reopen a case: the length of time that the case was closed...; whether a non-bankruptcy forum, such as state court, has the ability to determine the issue sought to be posed by the debtor...; whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the rights, post-bankruptcy, of the parties; whether any parties would be prejudiced were

2

the case reopened or not reopened; the extent of the benefit which the debtor seeks to achieve by reopening; and whether it is clear at the outset that the debtor would not be entitled to any relief after the case were reopened. In re Crocker, 362 B.R. at 53 (citations omitted).

In the case before us, IRS has not provided the court with any information as to the specifics of its request. IRS' motion is insufficient for the court to determine whether reopening the case is necessary. There is no doubt that IRS has not met the necessary burden of proof. Accordingly, the IRS' Motion to Reopen the Chapter 11 Case is hereby DENIED.

SO ORDERED

In San Juan, Puerto Rico this 26th day of November 2019.

Brian K. Tester
U.S. Bankruptcy Judge

3